UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM KRONZER,<br><br>      Plaintiff(s),<br><br>v.<br><br>GARY HINTZ, and DOES 1-10,<br><br>      Defendant(s). | No. C10-1270 BZ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS** |

    Defendant's motion for sanctions is **DENIED**. Although the Court is troubled by a number of aspects of the behavior of plaintiff's counsel, I have concluded that in the interests of justice, sanctions are not warranted due to the extenuating circumstances of the conduct of defense counsel. The Court remains troubled by the apparent acrimony between the parties which has manifested itself in the way counsel are dealing with this case. The Court cautions both sides to start anew and treat each other respectfully and professionally.

    From the Court's perspective, the problems began by the oral and written threats made by defense counsel to file a Rule 11 motion if the plaintiff persisted in prosecuting the

1

1  action.  It was perfectly acceptable for defendant to provide
2  plaintiff with the documents he did, but that did not need to
3  be accompanied by any threats.  While defendant is correct
4  that he provided some information which should have helped
5  plaintiff evaluate the merits of his suit, the Court can also
6  understand the reluctance of plaintiff's counsel to accept an
7  unsigned and undated "draft" declaration.  Thing spun down
8  hill from there.

9  Defendant is correct that the better practice would have
10 been for counsel for plaintiff not to have filed his request
11 for default at 5:58 a.m. on October 8, 2010, especially since
12 defense counsel had filed a notice of appearance the prior day
13 as requested.  Plaintiff's counsel never explains the need for
14 haste or his decision to not respond to opposing counsel's
15 multiple phone calls and e-mails.  Nor does plaintiff's
16 counsel adequately explain why he did not vacate the default
17 when requested, which would have been the professional
18 response.  At the same time, it is not clear why defendant
19 filed a motion to vacate the default on October 20, 2010,
20 given that a case management conference was scheduled for
21 October 25, 2010.  At the conference, with some prompting from
22 the Court, counsel for plaintiff agreed to vacate the default.
23 Counsel for defendant then filed this motion for sanctions.

24 In the future, the Court expects counsel for both sides
25 to conduct themselves professionally.  For example, at
26 Monday's status conference, counsel for defendant once again
27 threatened to file still another motion for sanctions if
28 prosecution continues.  The Court suggests that before doing

2

so, defendant obtain a favorable termination. If the complaint is as meritless as defendant says, it should be disposed of by motion before a Rule 11 motion is filed.

The Court finds no need for further argument as this matter has been discussed extensively at prior conferences. The hearing scheduled for **December 15, 2010 at 10:00 a.m.** is **VACATED**. Plaintiff's motion to strike, improperly calendared on **January 19, 2011**, is also **VACATED**.

Dated: December 10, 2010

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\KRONZER V. HINTZ\ORD DENYING MOT FOR SANCTIONS AND VACATING HRG.wpd

3