```
                    UNITED STATES DISTRICT COURT

                   NORTHERN DISTRICT OF CALIFORNIA


TIM KRONZER,                    )
                                )
         Plaintiff(s),           )    No. C10-1270 BZ
                                )
    v.                          )
                                )    ORDER DENYING PLAINTIFF'S
GARY HINTZ, and DOES 1-10,      )    MOTION FOR PARTIAL SUMMARY
                                )    JUDGMENT
         Defendant(s).           )
_____)
```

Plaintiff Tim Kronzer's motion for partial summary judgment against defendant Gary Hintz seeks several orders from the Court. For the reasons explained below, **IT IS ORDERED** that plaintiff's motion is **DENIED.**[1]

    1.  Plaintiff first seeks an order that defendant violated his fiduciary duties as trustee of his company's Employee Stock Ownership Plan (ESOP) by not providing

///

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

plaintiff with bank statements upon request.[2] Plaintiff, however, failed to plead this violation in his complaint. This issue was raised by the Court at the case management conference, and plaintiff was informed that if he wanted the bank statements from defendant and damages for the failure to provide them, he should consider amending his complaint. The deadline for plaintiff to amend his complaint was January 3, 2011. See Docket Nos. 22 and 23. Plaintiff never amended his complaint. Because plaintiff's complaint does not specifically allege that defendant failed to provide bank statements, or that plaintiff is seeking statutory penalties for the failure, granting plaintiff summary judgment on this claim would be improper. See McCroskey v. United Airlines, Inc., 1999 WL 169602, at *4 (N.D. Cal. 1999)(the imposition of penalties under 29 U.S.C. § 1132(c) was inappropriate because plaintiff's original complaint and first amended complaint "did not put defendant on notice that plaintiff was still requesting a copy of his pension plan").

    2. Even if this issue was properly pled, statutory damages under 29 U.S.C. § 1132(c) are discretionary. See McCroskey, 1999 WL 169602 at *3 (courts have the "discretion to determine whether and in what amount the defendant should be fined"). Here, defendant provided plaintiff with a summary

---

[2] Plaintiff requests statutory damages under 29 U.S.C. § 1132(c) for this failure. According to plaintiff, a penalty of $69,746 should be imposed on defendant, which is $110 a day for the 634 days that defendant failed to produce the bank statements.

2

of the bank statements rather than the actual statements, based on the advice of his third-party plan administrator. Hintz Declaration at ¶ 10.  Even assuming that defendant was required to produce the statements, plaintiff has not shown that defendant acted in bad faith.  Moreover, defendant is now willing to provide the bank statements to plaintiff.  Under these circumstances the Court will not exercise its discretion to impose penalties against the defendant on summary judgment.

3. The parties are **ORDERED** to determine a suitable procedure for plaintiff to review the bank statements.  If the parties cannot reach an agreement, they shall notify the Court and submit their separate proposals by **March 24, 2011**.

4. Plaintiff also seeks an accounting to determine damages stemming from his allegation that defendant and another individual (Frank Scardamaglia) each received a $100,000 bonus for the sale of the company.  According to plaintiff, these payouts lessened his share of the ESOP distribution by about $4,544.00.  Kronzer Declaration at ¶ 11. Defendant, however, points out that plaintiff has no proof that such bonuses were paid.  Plaintiff instead relies on the fairness evaluation of Consulting Fiduciaries, Inc. (CFI), an independent fiduciary to the ESOP who opined that the terms of sale, including the proposed bonuses, were fair to the ESOP. Id. at Ex.6.  Moreover, defendant testified he was not paid the bonus.  Plaintiff's reply does not dispute these facts. Plaintiff has failed to establish that the undisputed facts entitle him to an accounting on summary judgment.

     5.   Plaintiff's request to strike the unsigned declaration of defendant is **DENIED AS MOOT**. On March 3, 2011, defendant filed a copy of his signed declaration with the Court. Docket No. 44.

     6.   Because plaintiff did not prevail on his motion for partial summary judgment, his request for costs and attorneys' fees is **DENIED**.

Dated: March 17, 2011

Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-BZCASES\KRONZER V. HINTZ\ORD DENYING PLAINTIFF'S MOTION FOR PARTIAL SJ FINAL.wpd