UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TIM KRONZER, | ) | |
| Plaintiff(s), | ) ) ) | No. C10-1270 BZ |
| v. | ) ) | **ORDER GRANTING DEFENDANT'S** |
| GARY HINTZ, and DOES 1-10, | ) ) | **MOTION FOR SUMMARY JUDGMENT** |
| Defendant(s). | ) ) | |

Defendant Gary Hintz has moved for summary judgment (Docket No. 66) on the two claims for relief contained in plaintiff Tim Kronzer's "Verified Complaint for Damages and Equitable Relief" filed March 25, 2010.[1] While the complaint is not a model of clarity, plaintiff explains in his opposition that it contains two claims. First, plaintiff seeks statutory damages for defendant's alleged breach of fiduciary duty by failing to timely provide plaintiff with certain information to which he was entitled under ERISA, 29

---

[1] All parties have consented to my jurisdiction for all proceedings including entry of final judgment, pursuant to 28 U.S.C. § 636(c).

1

U.S.C. §§ 1001 *et seq.* Second, plaintiff seeks an accounting to determine whether the ESOP was harmed by defendant.

That said, this lawsuit appears to be really an effort by plaintiff to revive a long standing family dispute which arose out of a series of transactions which allegedly occurred after his uncle, the firm's co-founder, died. This is apparent from the fact that the bulk of the filings by both sides address this family feud and not the issues directly presented by the pleadings. I will not enter this fray for a variety of reasons. First, it is not alleged in the complaint.[2] Second, since most of the disputed transactions occurred around 1990, there are serious issues of whether resulting claims would be barred by the statutes of limitation or by laches. Third, since the ESOP was not created until 1995, there are serious questions about whether the conduct of parties was governed by ERISA.

Turning to the issues presented by defendant's motion, about two months ago, I denied plaintiff's motion for summary judgment on these issues. See Docket No. 54. Beginning with the claimed failure to timely provide information, I denied plaintiff's motion for several grounds. One was that this issue was not pleaded in the complaint. Significantly, plaintiff did not seek leave to amend his complaint after I

---

[2] To the extent that plaintiff recognizes this and seeks leave to amend, this request is **DENIED** as untimely, given that a motion for summary judgment is pending and trial two months away. As I explained when I denied plaintiff's summary judgment motion, the issue of plaintiff's inartfully pleaded complaint was raised at the case management conference. Plaintiff was given until January 3, 2011 to amend his complaint, but chose not to. See Docket Nos. 22 and 23.

2

ruled.  More importantly, statutory damages under 29 U.S.C. § 1132(c), as I then noted, are discretionary.  See id.  The purported violation was that defendant had provided plaintiff with a summary of certain financial information rather than the underlying documents.  Defendant was now willing to provide the documents and plaintiff had not shown that defendant had acted in bad faith.  Since then defendant has disclosed the underlying documents and plaintiff has made no showing in opposition to the pending motion that the summary he was provided is incorrect or that defendant acted in bad faith.  See McCroskey v. United Airlines, Inc., 1999 WL 169602 at *3-4 (N.D. Cal. 1999)(plaintiff was not awarded statutory damages for the delay in providing ERISA plan documents because courts generally disfavor imposing penalties when there is no showing of prejudice); Kaiser Permanente Employees Pension Plan v. Bertozzi, 849 F.Supp. 692, 702 (N.D. Cal. 1994)(an award of statutory damages was inappropriate where the beneficiary could not establish prejudice or bad faith).  Indeed, defendant has provided evidence that he acted in reliance on a senior benefits consultant from the ESOP's third-party administrator who advised him that he was only required to provide plan participants with annual summary reports and not monthly bank statements.  Docket No. 42-1 at ¶ 10.  Under these circumstances, plaintiff has not provided the Court with an adequate factual or legal basis for awarding statutory damages and summary judgment for defendant on this issue is appropriate.

With respect to an accounting, that is an equitable

1  remedy which first needs an ERISA violation.  See 29 U.S.C. §§
2  1109, 1132(a)(3); Peacock v. Thomas, 516 U.S. 349, 353
3  (1996)("Section 502(a)(3) does not, after all, authorize
4  appropriate equitable relief at large, but only appropriate
5  equitable relief for the purpose of redressing any violations
6  or...enforcing any provisions of ERISA or an ERISA
7  plan")(internal citations and quotations omitted).  In support
8  of his motion, defendant has provided proof that the actions
9  he took in 2007 in connection with the sale of the company
10 stock to CDS were proper.  In opposition, plaintiff has
11 provided a number of declarations, some of which contain
12 varying degrees of speculation, but all of which focus on what
13 transpired in 1989 and 1990.  Plaintiff has provided no
14 evidence to create any material disputes of fact about whether
15 defendant violated ERISA in connection with the 2007 sale of
16 the company.  Nor is plaintiff entitled to an accounting under
17 his first claim for fiduciary violations which, as explained
18 earlier, he has not established.  Accordingly, defendant is
19 entitled to summary judgment on this issue.

20     For the foregoing reasons, **IT IS ORDERED** that
21 defendant's motion for summary judgment is **GRANTED**.  I find
22 no need for further argument on these issues, and the hearing
23 scheduled for May 18, 2011 is **VACATED**.

24 Dated: May 10, 2011

                                _____
                                Bernard Zimmerman
                                United States Magistrate Judge

27 G:\BZALL\-BZCASES\KRONZER V. HINTZ\ORDER GRANTING DEF'S MOT FOR SUMM JUDGMT
   (BR).wpd