UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIM KRONZER,<br><br>    Plaintiff(s),<br><br>v.<br><br>GARY HINTZ, and DOES 1-10,<br><br>    Defendant(s). | No. C10-1270 BZ<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS** |

    Before the Court is defendant's motion for attorneys' fees and costs which seeks an award of $159,534.30. Docket No. 88. For the reasons explained below, **IT IS HEREBY ORDERED** that this motion is **DENIED**.

    An award of fees and costs to a prevailing defendant in an ERISA actions is discretionary. See Hummell v. S.E. Rykoff & Co., 634 F.2d 446, 452 (9th Cir. 1980)(holding that fee awards under 29 U.S.C. § 1132(g) are discretionary and outlining five factors that courts should consider in their analysis). Applying Hummell to this case, I find that a fee award is not warranted. One of plaintiff's chief complaints was that defendant refused to provide him with the ESOP's bank

1

1  statements which he had been requesting pursuant to ERISA
2  since June 2009.  Defendant conceded that he had not provided
3  the statements, and was ordered to produce them after
4  plaintiff moved for summary judgment.  Docket No. 54 at ¶ 3.
5  Thus, defendant's unlawful refusal to initially provide the
6  bank statements was one of the reasons plaintiff filed his
7  lawsuit, and plaintiff was afforded relief on this issue by
8  the Court.[1]  Under such circumstances, where there is some
9  culpability on the part of defendant and plaintiff's position
10 is correct on at least one  issue, defendant has not persuaded
11 me that plaintiff's lawsuit was brought in bad faith and that
12 defendant is entitled to fees.  See id. (two of the factors
13 for courts to consider under Hummell are the relative merits
14 of the parties' positions and whether a party acted in bad
15 faith).[2]

16     Nor am I persuaded that fees must be awarded to prevent
17 plaintiff and his counsel from recruiting other members of the
18 ESOP to file similar lawsuits against defendant.  It is hard
19 to believe that other ESOP members would incur the time and
20 expense of filing such lawsuits knowing of this Court's

---

22  [1]  Although plaintiff did not prevail on the first claim of his complaint, this was not because the claim did not have any merit.  Rather, one of the reasons I found in defendant's favor and exercised my discretion to not award statutory damages was because plaintiff's claim was not clearly pled in his complaint and he did not timely amend it.  Docket No. 54 at ¶¶ 1-2.  Plaintiff's inartful pleading, however, does not make defendant less culpable for refusing to provide the ESOP's bank statements.

27  [2]  Another Hummell factor I consider is that neither plaintiff nor his counsel appear likely to be able to satisfy a fee award.

2

1 | rulings in this case.  Like plaintiff, they would also be
2 | liable for defendant's costs of suit under FRCP 54(d) if they
3 | did not prevail.  See Docket No. 87.  Because these factors
4 | already serve as a deterrent for future plaintiffs, a fee
5 | award is not necessary.
6 |     Finally, I remain concerned about the manner in which
7 | this litigation was handled, which I believe partly explains
8 | the size of defendant's fee request.  Last year, in the Order
9 | Denying Defendant's Motion for Sanctions; I stated that I was
10 | "troubled by the apparent acrimony between the parties which
11 | has manifested itself in the way counsel are dealing with this
12 | case."  Part of my concern was defendant litigating by threat
13 | of sanctions motion.  Unfortunately, my admonition did not do
14 | much to alter the course of the litigation.  For all these
15 | reasons, I find that awarding sanctions under 28 U.S.C. § 1927
16 | or the Court's inherent power to impose sanctions is
17 | inappropriate.  **IT IS THEREFORE ORDERED** that defendant's
18 | motion for fees and costs is **DENIED**.  There is no need for
19 | argument on this issue and the hearing scheduled for **July 6,**
20 | **2011** is **VACATED**.
21 | Dated: June 30, 2011
22 |
23 |                     Bernard Zimmerman
              United States Magistrate Judge
24 | G:\BZALL\ARCHIVE\BZ CONSENT CASES\BZCASES.6\KRONZER V. HINTZ\ORDER DENYING DEFENANT'S FEES MOTION.wpd